**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2885
_____

MALIK-IMARI ALI
f/k/a Darryl Bozeman

v.

ADMINISTRATOR NEW JERSEY STATE PRISON;
ATTORNEY GENERAL NEW JERSEY,
Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:12-cv-01830)
District Judge: Honorable Dickinson R. Debevoise

_____

Argued: February 10, 2016

Before: FUENTES,[*] KRAUSE, and ROTH, *Circuit Judges*

(Opinion Filed: January 10, 2017)

James K. Smith, Jr., Esq. (ARGUED)
Office of Public Defender
Appellate Section
31 Clinton Street
P.O. Box 46003
Newark, NJ 07101

*Attorney for Appellee*

_____

[*] The Honorable Julio M. Fuentes assumed senior status on July 18, 2016.

Catherine A. Foddai, Esq. (ARGUED)
Bergen County Office of Prosecutor
10 Main Street
Bergen County Justice Center
Hackensack, NJ 07601

*Attorney for Appellants*

_____

OPINION[**]

_____

KRAUSE, *Circuit Judge*.

Before this Court is the State's appeal of the Order of the District Court, granting Appellee Malik-Imari Ali's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Ali's petition asserts Confrontation Clause violations arising from limitations placed on his cross-examination of two State witnesses at his criminal trial, and the District Court granted the petition with respect to the cross-examination of one of those witnesses. The State appeals that aspect of the District Court's ruling, while Ali challenges the District Court's denial of relief with respect to the cross-examination of the other witness.

For the reasons that follow, we agree with the State. Because any Confrontation Clause errors here were harmless, we will reverse in part, affirm in part, and remand with instructions to deny Ali's petition.

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.    Background

In 2006, Appellee Malik-Imari Ali[1] was tried in a New Jersey state trial court, where he was convicted of murder, robbery, burglary, kidnapping, conspiracy, and weapons possession charges arising out of a home invasion and homicide in Englewood, New Jersey.

At Ali's trial, Terrence Terrell testified as a witness for the State.  His testimony reflected that he had worked with Ali to enter the victims' home, restrain the victims, and search the home.  In support of the State's case, Terrell testified about how Ali had planned the home invasion to obtain cash to repay a debt, and Terrell recounted Ali's role in entering the home and fatally wounding one of the victims.  Terrell was subjected to extensive cross-examination, including concerning his cooperation with state authorities, but, pursuant to the trial court's pretrial ruling, Ali was not allowed to cross-examine Terrell about his cooperation with federal authorities in connection with a separate matter being prosecuted in the Eastern District of New York.

Officer Columbia Santarpia also testified for the State, and she recounted how she had chased a man, whom she identified at trial as Ali, on the night of the home invasion.  Although Ali had sought to preclude Santarpia's in-court identification on the ground that she had seen him shackled in the hallway on the morning of her testimony, the trial court denied the request and disallowed any cross-examination about the matter.

---

[1] Ali was formerly known as Darryl Bozeman.  We refer to him by his present name, Malik-Imari Ali.

3

Ali appealed the trial court's two cross-examination rulings to the Appellate Division of the New Jersey Superior Court, arguing that his Confrontation Clause rights were violated. After remanding for factual findings, *see State v. Bozeman*, No. 03-01-0032, 2010 WL 3720287, at *12, *15-16 (N.J. Super. Ct. App. Div. Sept. 13, 2010) (per curiam), the Appellate Division held that any Confrontation Clause violations were harmless and affirmed the trial court's ruling in favor of the State, *see State v. Bozeman*, No. 03-01-0032, 2011 WL 2496218, at *8, *11, *13-14 (N.J. Super. Ct. App. Div. June 24, 2011) (per curiam). The New Jersey Supreme Court denied Ali's petition for certification. *See State v. Bozeman*, 34 A.3d 782 (N.J. 2011).

Turning to the federal courts, Ali filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting a Confrontation Clause violation with respect to his cross-examination of Terrell in Ground One of his petition, and asserting a Confrontation Clause violation with respect to his cross-examination of Santarpia in Ground Two. The District Court held that Ali's Confrontation Clause rights were violated with respect to both witnesses, though it held that the violation with respect to Santarpia was harmless. *See Ali v. Warren*, No. 12-1830, 2015 WL 4522720, at *13-14 (D.N.J. July 13, 2015). But as to the Confrontation Clause violation with respect to Terrell, the District Court held that that violation was not harmless, and it proceeded to grant Ali's petition on that basis. *See id.* at *17-22.

4

The State timely appealed, and it contests the District Court's holding that the Confrontation Clause violation with respect to Terrell was not harmless. For his part, Ali challenges the District Court's harmless-error ruling with respect to Santarpia.[2]

## II.   Discussion[3]

Because the State does not dispute that Ali's Confrontation Clause rights were violated with respect to both witnesses, we limit our review to whether those violations were harmless. Our review of this issue is plenary, *see Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 280 (3d Cir. 2016) (en banc), although we cannot grant Ali's petition unless the New Jersey state court's harmless-error ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); *see Dennis*, 834 F.3d at 280.

We therefore analyze this case under the Supreme Court's rubric for determining whether Confrontation Clause violations were harmless, as set forth in *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). *See, e.g.*, *Wright v. Vaughn*, 473 F.3d 85, 93-94 (3d Cir. 2006). *Van Arsdall* instructs us to evaluate harmlessness in light of five non-exhaustive factors, which include (1) "the importance of the witness'[s] testimony in the prosecution's case," (2) "whether the testimony was cumulative," (3) "the presence or

---

[2] While not technically a cross-appeal, Ali's challenge is permissible as a cross-point pursuant to *Jennings v. Stephens*, 135 S. Ct. 793, 798-801 (2015).

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

5

absence of evidence corroborating or contradicting the testimony of the witness on material points," (4) "the extent of cross-examination otherwise permitted," and (5) "the overall strength of the prosecution's case." *Van Arsdall*, 475 U.S. at 684. We apply the *Van Arsdall* factors to Terrell's and to Santarpia's testimony in turn.

### A.     Terrell

Applying the *Van Arsdall* factors to Terrell's testimony requires us to conclude that any Confrontation Clause error with respect to Terrell's testimony was harmless. We acknowledge that the first two *Van Arsdall* factors weigh against harmless error here. As to the first factor, Terrell's testimony was certainly important, for only Terrell provided a cohesive story for the home invasion and homicide, and, aside from Santarpia's eyewitness identification, Terrell's testimony was the only direct evidence that Ali was involved. As to the second factor, Terrell's testimony for the most part was not cumulative, given that Terrell's account of Ali's motivation, of how Ali planned his entry into the victims' home, and of what occurred inside the home did not duplicate any other witness's testimony.

But the latter three *Van Arsdall* factors ultimately favor a conclusion that the limit on Ali's cross-examination of Terrell constituted harmless error. As to the third factor, ample evidence corroborates the key pieces of Terrell's testimony. Evidence connecting Ali to the scene of the crimes included the homicide victim's car keys, along with Ali's car keys, wallet, and DNA on a sweatshirt, all found in the getaway car, which itself belonged to Ali's wife. And Terrell's testimony about Ali's principal role in the homicide accords with the victim's wife's testimony, which had indicated that someone

6

other than Terrell had fired the fatal shots. Although some evidence at trial did contradict Terrell's testimony (e.g., the lack of any bullet hole in the ceiling, which was contrary to Terrell's testimony about how Ali had fired a warning shot upward into the ceiling), that contradictory evidence is outweighed by the strength of the corroborating evidence, and thus the third *Van Arsdall* factor weighs in favor of harmless error.

As to the fourth *Van Arsdall* factor, Terrell faced extensive cross-examination, subject to no limitations other than the limitation regarding Terrell's cooperation with federal authorities. Ali's wide-ranging cross-examination impeached Terrell's testimony by reference to Terrell's many prior inconsistent statements; his prior convictions; his penchant for dishonesty; and his plea agreement with the State in Ali's case, pursuant to which thirty-eight-year-old Terrell received a thirty-year sentence instead of a probable life sentence. The extensive cross-examination severely undermined Terrell's credibility so that the limitation on cross-examination about his cooperation with federal authorities "was not substantial in light of the full context of [Ali's] opportunity to impeach the witness" and thus would not have affected the outcome of the trial. *United States v. Sarbello*, 985 F.2d 716, 726-27 (3d Cir. 1993). The fourth *Van Arsdall* factor thus also favors a conclusion that any Confrontation Clause error with respect to Terrell was harmless.

Lastly, as to the fifth *Van Arsdall* factor, the State built a formidable case against Ali. As already discussed, overwhelming evidence linked Ali both to the scene of the crime, and to the homicide. Like the third and the fourth *Van Arsdall* factors, the fifth *Van Arsdall* factor weighs in favor of harmless error.

7

Assessing the *Van Arsdall* factors altogether, the importance and uniqueness of Terrell's testimony are outweighed by the evidence corroborating Terrell's testimony, Ali's extensive cross-examination of Terrell at trial, and the overall strength of the evidence supporting Ali's guilt. We therefore conclude that any Confrontation Clause error with respect to Terrell was harmless, and we will reverse the District Court's grant of relief on Ground One of Ali's habeas petition. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

## B.     Santarpia

We likewise conclude, along with the District Court, *see Ali*, 2015 WL 4522720, at *14, that any Confrontation Clause error with respect to Santarpia was harmless. As to the first, second, and third *Van Arsdall* factors, Santarpia's in-court identification of Ali was not uniquely important to the State's case, as it was cumulative of other evidence presented at trial and was corroborated by that evidence. As to the fourth factor, Santarpia was extensively cross-examined, including about inconsistencies in her testimony. Additional cross-examination would have added little, particularly given that the trial judge had expressly warned the jury about how Santarpia's in-court identification had occurred in a "suggestive setting." JA 2574; *see United States v. Lore*, 430 F.3d 190, 208-10 (3d Cir. 2005). Finally, as with Terrell's testimony, the fifth *Van Arsdall* factor weighs in favor of harmless error here, for the case against Ali was formidable and was supported by the testimony of multiple witnesses and by several pieces of physical evidence. In sum, with respect to Santarpia's testimony, all five *Van Arsdall* factors

weigh in favor of harmlessness and, accordingly, we will affirm the District Court's

denial of habeas relief on Ground Two.[4]  *See Brecht*, 507 U.S. at 623.

## III.    Conclusion

For the foregoing reasons, we will reverse the District Court's ruling with respect

to Ground One (Terrell's testimony), affirm the District Court's ruling with respect to

Ground Two (Santarpia's testimony), and remand with instructions to deny Ali's petition

for a writ of habeas corpus.[5]

---

[4] To the extent Ali contends that errors in his case were not harmless when considered cumulatively, *see Marshall v. Hendricks*, 307 F.3d 36, 94 (3d Cir. 2002), we reject this contention.  Terrell's and Santarpia's testimonies overlapped to the extent they agreed that Ali was present at or near the scene of the crimes, but the independent evidence of his presence was strong, and both witnesses were thoroughly impeached. Thus, even when considered cumulatively, any Confrontation Clause errors were harmless.

[5] In view of this disposition, we need not address the State's argument that, instead of ordering Ali's release after granting his petition, the District Court should have prescribed a more limited remedy by ordering the New Jersey trial court to vacate Ali's first degree murder conviction and to resentence him.